One who holds property under color of a fraudulent gift or sale from a person who dies, may be sued as executor *de son tort,* wherever found with the property in possession.

# Hopkins *vs* Towns, &c.

## APPEAL FROM THE HENDERSON CIRCUIT.

### *Executor de son tort.*

JUDGE MARSHALL delivered the opinion of the Court.

THE only question of law presented for our decision in this case, arises on the following facts which were found by the jury. In 1826, Mary B. Hopkins purchased, under execution, sundry slaves, the property of Samuel G. Hopkins, who being then in this State with said slaves, was permitted afterwards to take them to Missouri, where he was domiciled, and where the slaves remained in his possession till his death. After which Mary B. Hopkins, claiming the slaves in virtue of her purchase, which was found by the jury to have been made to hinder and delay creditors, sent the evidences of her claim to Missouri, and by her agent, took them there and had them brought to this State, where she still remains in possession of them. In this state of things, an action was brought by a creditor of S. G. Hopkins, deceased, against her as executrix, and she having pleaded that she was not executrix, the question is, whether, on the facts above stated, she is liable as executrix *de son tort.*

It does not appear that S. G. Hopkins had any property in this State at the time of his death, or that there is any lawful executor or administrator in Kentucky, or even in Missouri. And it may, perhaps, be true, that no Court in Kentucky has, at any time, had authority to admit or qualify either an executor or administrator. But as it is well settled that a person who, under color of a fraudulent gift or sale from the decedent, takes possession of property left in his possession at his death, becomes thereby executor *de son tort,* there can be no doubt that the defendant, by taking possession of the slaves in question, in Missouri, subjected herself to be charged in that character, if found in Missouri; and we suppose she is liable in that character to the extent of the assets thus

wrongfully seized, wherever she may be found with the property in possession.

The fact that she took the slaves in Missouri, not in person but by her agent, makes no difference. She is liable precisely to the same extent as if she had gone to Missouri herself, and brought the slaves to Kentucky.

If it were admitted that a regularly qualified executor in Missouri, would be liable as such, only to the tribunals of Missouri, it would not necessarily follow that such person, if found in Kentucky in possession of property of the decedent, acquired in Missouri as executor, might not be held liable in the tribunals of this State, not as a fiduciary under the laws of Missouri, but as an executor *de son tort;* for the property being actually within the jurisdiction of this State, and being in possession of a person having no lawful right to it, unless as representative of the deceased owner, there would seem to be a defect of remedy, if the possessor could not be charged in Kentucky, in the character of representative. But the present case is still stronger. The defendant holds by her own wrongful act alone. She pretends to no authority under the laws of Missouri, in virtue of which she might claim to be amenable to those laws only: but she claims by an act which was a wrong to the creditors of the deceased, wherever they might be, and for which she should, therefore, be liable to them wherever she may be found with the property. So far from either purging the wrong or discharging the liability by bringing the slaves to Kentucky, this is, in fact, a continuation of the wrong, and therefore, a continuation of the liability. The slaves might be subject, by the laws of Missouri, so far as relates to the rules of distribution and descent, if there were any persons entitled, as heirs, to the property. But the heirs are bound by the sale, and the slaves being found in Kentucky they must be subject to her laws and tribunals, so far as the rights of creditors of the deceased are concerned. The creditors have, in fact, no remedy in Missouri. There is no bond there, and so far as appears, neither property nor heirs, nor personal representatives of the decedent there. The heirs are here without any thing by descent. The remedy for all debts must

HOPKINS.
*vs*
TOWNS, &c.

Taking possession by agent in another State, does not change the case if the property be held here.

Though there may be a duly qualified executor or administrator in another State, yet if property of a decedent be wrongfully held here by one, such an one is liable here as executor *de son tort* to creditors.

necessarily be had in this State, and against the defendant, who, so far as creditors are concerned, is wrongfully possessed of the decedent's property. We think the simplest and most appropriate, if not the only appropriate remedy for them, is to charge her as executrix *de son tort.*

Wherefore, the judgment is affirmed.

*Morehead & Reed* for appellant: *Owsley & Goodloe* for appellees.

---

REPLEVIN.

*Case* 29.

October 4.

The case stated.